**Mary Butler**, OSB #212645
BULLIVANT HOUSER BAILEY PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930
Facsimile: 206.386.5130

Attorneys for Global Partners LP and
Cascade Kelly Holdings LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| In the matter of the Complaint of<br><br>**WCP, Inc., d/b/a Wilsonville Concrete Products as the owner of the Towing Vessel CINDY B., bearing Documentation Number 561814, and her engines, tackles, appurtenances, etc.**<br><br>In a cause for exoneration from or limitation of liability | **In Admiralty**<br><br>Civil No.: 3:24-cv-00702-YY<br><br>**ANSWER AND CLAIM OF CLAIMANTS GLOBAL PARTNERS LP AND CASCADE KELLY HOLDINGS LLC**<br><br>**[46 U.S.C. § 30501 *et seq.*; and Federal Rules of Civil Procedure Supplemental Rule F]** |

Claimants Global Partners LP, Cascade Kelly Holdings LLC and certain interested underwriters[1] (collectively "Claimants" and/or "Global Partners/Cascade Kelly"), by and

[1] The subrogated underwriters of Global Partners LP and Cascade Kelly Holdings LLC, who may be contractually obligated to make payments to their insureds as a result of the allision, include: National Union Fire Insurance Company of Pittsburgh, Pa.; Zurich American Insurance Company; General Security Indemnity Company of Arizona; Liberty Mutual

through their counsel of record, answer the Plaintiff-in-Limitation's Complaint in Admiralty for Exoneration From, or Limitation of, Liability ("Complaint"), present affirmative defenses, and make a claim against Plaintiff as follows:

## ANSWER

### I. NATURE OF THE ACTION

1. Claimants admit that an allision involving the Port of Columbia County, Oregon's Port Westward facility, also known as Beaver Dock, occurred on November 12, 2023, on the navigable waters of the United States in or around Clatskanie, Oregon and that the CINDY B was pushing the Barge St. John at the time of the allision and that extensive damage occurred to the Beaver Dock as a result of the allision. Claimants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 and deny the same.

### II. JURISDICTION

2. Claimants admit to the allegations contained in Paragraph 2.

3. Claimants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and deny the same.

4. Claimants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and deny the same.

5. Claimants admit to the allegations contained in Paragraph 5.

---

Insurance Company; Starr Surplus Lines Insurance Company; and Swiss Re Corporate Solutions Elite Insurance Corporation.

6. Claimants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 and deny the same.

7. Claimants admit there is a lien in favor of Global Partners LP/Cascade Kelly Holdings LLC in the amount of approximately $6,926,361, as best as the same may currently be calculated, subject to change, as a result of damage sustained in the subject allision, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7 and deny the same.

8. Claimants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and deny the same.

9. Claimants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 and deny the same.

## III. VENUE

10. Paragraph 10 of the Complaint contains a jurisdictional, statutory, and procedural statement to which a response is not required from Claimants. To the extent a response is required, Claimants admit the events and occurrences giving rise to the Complaint occurred on the Columbia River around Clatskanie, Oregon, but Claimants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 and deny the same.

## IV. FACTS

11. Claimants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and deny the same.

12. Claimants admit the Vessel was transiting the Columbia River and that an allision involving the Port of Columbia County, Oregon's Port Westward facility, also known as Beaver Dock, occurred on November 12, 2023, on the navigable waters of the United States in or around Clatskanie, Oregon and that upon information and belief the CINDY B was pushing the Barge St. John at the time of the allision and that extensive damage, including but not limited to property damage and business interruption, occurred to the Beaver Dock and as a result of the allision. Claimants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12 and deny the same.

13. Claimants admit the Vessel was on the navigable waters of the Columbia River, at or near Clatskanie, Oregon on November 12, 2023. Claimants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 and deny the same.

14. To the extent that Paragraph 14 contains a statement of law, no response is required from Claimants but otherwise Claimants deny the allegations of Paragraph 14 and specifically aver that Plaintiff is not entitled to exoneration from or limitation of liability.

15. To the extent that Paragraph 15 contains a statement of law, no response is required from Claimants but otherwise Claimants deny the allegations of Paragraph 15 and specifically aver that Plaintiff is not entitled to exoneration from or limitation of liability.

16. To the extent that Paragraph 16 contains a statement of law, no response is required from Claimants but otherwise Claimants deny the allegations of Paragraph 16 and specifically aver that Plaintiff is not entitled to exoneration from or limitation of liability.

17. To the extent that Paragraph 17 contains a statement of law, no response is required from Claimants but otherwise Claimants deny the allegations of Paragraph 17 and specifically aver that Plaintiff is not entitled to exoneration from or limitation of liability.

18. To the extent that Paragraph 18 contains a statement of law, no response is required from Claimants but otherwise Claimants deny the allegations of Paragraph 18 and specifically aver that Plaintiff is not entitled to exoneration from or limitation of liability.

19. Claimants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 19 and deny the same.

20. Claimants admit that a Letter of Undertaking was submitted with the Complaint. Claimants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20 and deny the same.

21. To the extent that a response is deemed necessary to the prayer contained within the Complaint, it is denied in its entirety.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim or cause of action upon which relief can be granted against Claimants.

### SECOND DEFENSE

Plaintiff is not entitled to exoneration from or limitation of liability under the provisions of the Shipowner's Limitation of Liability Act, 46 U.S.C. §§30501, *et seq.* (the "Act") because the incident which is the subject of the captioned matter was caused by the sole, joint and/or concurrent negligence, fault, want of due care/diligence and/or violations of applicable local,

state, and federal safety and navigation rules, regulations and statutes on the part of Plaintiff, its supervisors, managing agents, management, officers, agents, servants, employees, masters and crews, and by the unseaworthiness of the Cindy B and St. John ("WCP Vessels"), all of which were within the privity and knowledge of WCP, its owners and management.

**THIRD DEFENSE**

Global Partners/Cascade Kelly specifically reserve the right to contest the value attributed to the WCP Vessels and their pending freight by WCP. This Honorable Court should, if necessary, appoint a Commissioner in due course to appraise said values.

**FOURTH DEFENSE**

Global Partners/Cascade Kelly specifically reserve the right to contest whether WCP has deposited adequate and sufficient security as required by law. Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims requires proper deposit at the time of filing of the limitation action. As one example, the limitation fund may be inadequate because under the flotilla doctrine, there may have been vessels in addition to the CINDY B, including but not limited to the barge St. John, under common control and supervision of WCP.

**FIFTH DEFENSE**

Global Partners/Cascade Kelly specifically reserve the right to file a direct action against the underwriters of WCP and/or the WCP Vessels.

**SIXTH DEFENSE**

Global Partners/Cascade Kelly specifically reserve the right to contest the standing of WCP to seek exoneration from or limitation of liability with regard to the WCP Vessels and the incident that is the subject of the captioned matter.

**SEVENTH DEFENSE**

Global Partners/Cascade Kelly aver application of *The Louisiana* Rule against WCP.

**EIGHTH DEFENSE**

Global Partners/Cascade Kelly aver application of *The Oregon* Rule against WCP.

**NINTH DEFENSE**

Global Partners/Cascade Kelly aver application of *The Pennsylvania* Rule against WCP.

**CLAIM OF GLOBAL PARTNERS**

**JURISDICTION**

1. This Claim is an Admiralty and Maritime Claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Honorable Court has jurisdiction over this Claim pursuant to 28 U.S.C. § 1333 and the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

**VENUE**

2. Venue for this Claim is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this district, specifically at the Port of Columbia County, Oregon's Port Westward facility, commonly known as the "Beaver Dock" on the Columbia River around Clatskanie, Oregon. Further, venue is proper in this Court under Rule F(9) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

**PARTIES**

3. Global Partners is a business entity organized and existing under the laws of

Delaware with its principal business establishment located at Suite 500, 800 South Street, Waltham, Massachusetts, 02454-9161.

4. Cascade Kelly is a business entity organized and existing under the laws of Oregon with an office at Suite 500, 800 South Street, Waltham, Massachusetts, 02454-9161. Cascade Kelly does business as "Columbia Pacific Bio Refinery."

5. Upon information and belief, the CINDY B is a towing vessel built in 1974, which is 96.5 feet in length with a breadth of 30.0 feet, and bearing Official No. 561814 and owned by WCP, Inc.

6. Upon information and belief, the barge St. John was built in 1976, which is 250 feet in length and bearing Official No. 575053.

7. Upon information and belief, on the early morning of November 12, 2023, the CINDY B was pushing the Barge St. John on the navigable waters of the United States in or around Clatskanie, Oregon when an allision occurred as a result of an impact between the CINDY B and the St. John (the "WCP Vessels") and the Beaver Dock.

8. As a result of the allision, the Beaver Dock sustained significant damage, resulting in the disruption of operations at the Beaver Dock.

9. As a result of the allision, Global Partners/Cascade Kelly have incurred significant costs to repair the property damaged at the Beaver Dock and suffered a loss of business and associated revenue and profit as a result of the time during which the Beaver Dock was not operational and under repair.

## FIRST CAUSE OF ACTION - NEGLIGENCE

10. The damage to the Beaver Dock was caused by the negligence of WCP and the

WCP Vessels, and its/their management, managing agents, supervisors, employees, crew members, officers, agents, and/or servants for whom they were and are responsible in the following non-exclusive respects, all of which were within the privity and knowledge of the owners and management of WCP:

(a) Negligent navigation of the WCP Vessels;

(b) Failure to recognize and address hazards while transiting the Columbia River in order to avoid an allision;

(c) Failing to train and/or supervise the crew of the WCP Vessels;

(d) Failing to provide an adequate, trained, and proper crew for the WCP Vessels;

(e) Failing to keep a proper watch;

(f) Failing to inspect and maintain the WCP Vessels and their appurtenances;

(g) Violating applicable maritime safety statutes and/or rules and/or other applicable governmental requirements;

(h) Failing to provide proper charts and/or other necessary aids to navigation with respect to the waters through which the WCP Vessels were transiting before and at the time of the allision;

(i) Failing to ensure that the WCP Vessels and their equipment were free from defect and/or were in proper working order; and,

(j) Other acts of negligence or other fault as may be identified in discovery.

11. Because they were negligent or otherwise at fault and their negligence caused or contributed to the damage at issue in, WCP is not entitled to exoneration from liability with respect to the claims of damages presented by Global Partners/Cascade Kelly. Moreover,

because each and all of these negligent actions and inactions or other fault of WCP were within the privity and knowledge of WCP, its owners and management, WCP is not entitled to limit its liability with respect to the claim of Global Partners/Cascade Kelly.

12. Further, Global Partners/Cascade Kelly assert that WCP and the WCP Vessels are liable under the doctrine of *res ipsa loquitur*.

13. Further, Global Partners/Cascade Kelly rely on the *Louisiana* Rule, pursuant to which when a vessel (here, the WCP Vessels) is drifting and causes damage to other vessels or property (here, the Beaver Dock), the vessel (here, the WCP Vessels) is presumed to be at fault.

14. Further, Global Partners/Cascade Kelly rely on the *Oregon* Rule, pursuant to which when a moving vessel (here, the WCP Vessels) allides with and causes damage to other vessels or property (here, the Beaver Dock), the moving vessel (here, the WCP Vessels) is presumed to be at fault.

15. Further, Global Partners/Cascade Kelly rely on the *Pennsylvania* Rule, pursuant to which when a vessel (here, the WCP Vessels) is in violation of a statutory rule designed to prevent collisions or allisions, the burden of proof shifts to the violator to show the violation was not, and could not have been, a contributing cause of the collision or allision.

**<u>SECOND CAUSE OF ACTION: UNSEAWORTHINESS</u>**

16. Further and in the alternative, the damage to the Beaver Dock was caused by the unseaworthiness of the WCP Vessels in that the WCP Vessels, their equipment and crew were not reasonably fit for their intended purpose, all of which was within the privity and knowledge of WCP, its owners and management.

17. Because the unseaworthiness of the WCP Vessels caused or contributed to the damage at issue in Global Partners'/Cascade Kelly's claim, WCP is not entitled to exoneration from liability with respect to the claim of Global Partners/Cascade Kelly. Moreover, because one or more or all of these unseaworthy conditions of the WCP Vessels were within the privity and knowledge of its owners and management, WCP is not entitled to limit its liability with respect to the claim of Global Partners/Cascade Kelly.

**DAMAGES**

18. As a result of the allision with the Beaver Dock, Global Partners/Cascade Kelly have suffered loss and damage, including:

(a) Costs related to the removal of the damaged Beaver Dock;

(b) Costs related to the repair of the damaged Beaver Dock;

(c) Costs related to surveyors, engineers, designers, and other professionals associated with the removal and repair of the Beaver Dock;

(d) Loss of income, other business revenue, and profit as a result of the damage to the Beaver Dock rendering it unable to be used;

(e) Global Partners/Cascade Kelly aver that it is entitled to recover the above-described damages from WCP *in personam* and/or the WCP Vessels *in rem*. Global Partners/Cascade Kelly further aver that under maritime law, it is entitled to recover all of its damages from WCP *in personam* or the WCP Vessels *in rem*, even if the damages suffered by Global Partner/Cascade Kelly were also contributed to by the negligence of other persons or entities or the unseaworthiness of other vessels.

(f) Global Partners/Cascade Kelly reserve the right to supplement its claim for damages as the repair efforts continue.

**PRAYER FOR RELIEF**

**WHEREFORE**, Global Partners/Cascade Kelly pray that their Answer and Claim be deemed good and sufficient and that after due proceedings be had, there be judgment in their favor against WCP, Inc. d/b/a Wilsonville Concrete Products, denying and dismissing the Plaintiff-in-Limitation's Complaint in Admiralty for Exoneration From, or Limitation of, Liability filed by WCP, Inc. in Civil Action No. 3:24-cv-00702-YY, with prejudice and at the cost of WCP. Furthermore, Global Partners/Cascade Kelly pray that there be judgment herein in favor of Global Partners/Cascade Kelly and against WCP, Inc., *in personam*, and the CINDY B, Official No. 561814, and the St. John Barge, Official No. 575053, *in rem*, for all actual and contingent damages sought, including costs, pre-judgment and post-judgment interest, and for all other such general and equitable relief and remedies to which they are entitled and which the Honorable Court is competent to grant.

DATED: May 30, 2024

BULLIVANT HOUSER BAILEY PC

By */s/ Mary Butler*
**Mary Butler**, OSB #212645
Telephone: 206.292.8930

Attorneys for Claimants
Global Partners LP and
Cascade Kelly Holdings LLC

4864-5833-1835.2