Kevin A. Schummer, OSB No. 140276
GROTEFELD HOFFMANN LLP
324 S Abernethy Street
Portland, OR 97239
Phone: (503) 384-2772
Fax: (503) 210-5346
kschummer@ghlaw-llp.com

*Attorney for Claimant,*
*Special District Insurance Services*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| In the matter of<br><br>**WCP, Inc., dba Wilsonville Concrete Products as the owner of the Towing Vessel CINDY B, bearing Documentation Number 561814, and her engines, tackles, appurtenances, etc.**<br><br>In a cause for exoneration from or limitation of liability | **In Admiralty**<br><br>**Civil No.: 3:24-cv-00702-YY**<br><br>**ANSWER, AFFIRMATIVE DEFENSES AND CLAIM OF THE PORT OF COLUMBIA COUNTY**<br><br>**HON. YOULEE YIM YOU** |

NOW INTO COURT, through their undersigned counsel, come Port of Columbia County (the "Port"), Special District Insurance Services Trust ("SDIS") as subrogee of the Port, and Certain Underwriters in London Subscribing to UMR No. B128413921W23 and Policy No. B55655HAA, Starr Surplus Lines Insurance Company, Munich Reinsurance America, Inc., and Tokio Marine America Insurance Company ("Reinsurers") as subrogees of SDIS and the Port (the Port, SDIS, and Reinsurers are collectively referred to as "The Port Claimants" as stated herein), and in response to the Complaint & Petition for Exoneration From or Limitation of Liability, filed

by WCP, Inc., dba Wilsonville Concrete Products, and for their Answer and Claim in this proceeding avers upon information and belief as follows:

## ANSWER

AND NOW ANSWERING the particular allegations of the Complaint in Admiralty for Exoneration from or Limitation of Liability, the Port Claimants state as follows:

## I. NATURE OF THE ACTION

1. The Port Claimants admit WCP, Inc., dba Wilsonville Concrete Products is the owner of the CINDY B bearing Documentation Number 561814, and her engines, tackle, appurtenances, etc. Port Claimants also admit that on 12 November 2023, the CINDY B caused an allision at the Port of Columbia County, Oregon's Port Westward facility, commonly known as the "Beaver Dock." Except as specifically admitted, Port Claimants deny the truth of the allegations of paragraph 5.

## II. JURISDICTION

2. Port Claimants admit the allegation of Paragraph 2.

3. Port Claimants deny the truth of the allegations of paragraph 3 for lack of knowledge or information sufficient to justify a belief in the truth thereof.

4. Port Claimants deny the truth of the allegations of paragraph 4 for lack of knowledge or information sufficient to justify a belief in the truth thereof.

5. Port Claimants admit the allegations in Paragraph 5.

6. Port Claimants deny the truth of the allegations of paragraph 6 for lack of knowledge or information sufficient to justify a belief in the truth thereof.

/ / / /



GROTEFELD HOFFMANN
324 S. Abernethy Street
Portland, OR 97239
(503) 384-2772
kschummer@ghlaw-llp.com

7. Port Claimants deny the truth of the allegations of paragraph 7 for lack of knowledge or information sufficient to justify a belief in the truth thereof.

8. Port Claimants deny the truth of the allegations of paragraph 8 for lack of knowledge or information sufficient to justify a belief in the truth thereof.

9. Port Claimants deny the truth of the allegations of paragraph 9 for lack of knowledge or information sufficient to justify a belief in the truth thereof.

## III. VENUE

10. Port Claimants admit the allegations in Paragraph 10.

## IV. FACTS

11. Port Claimants deny the truth of the allegations of paragraph 11 for lack of knowledge or information sufficient to justify a belief in the truth thereof.

12. Port Claimants deny the truth of the allegations of paragraph 12.

13. Port Claimants deny the truth of the allegations of paragraph 13.

14. Port Claimants deny the truth of the allegations of paragraph 14.

15. Port Claimants deny the truth of the allegations of paragraph 15.

16. Port Claimants deny the truth of the allegations of paragraph 16.

17. Port Claimants deny the truth of the allegations of paragraph 17.

18. Port Claimants deny the truth of the allegations of paragraph 18.

19. Port Claimants admit the Order Approving Stipulation for Value and Costs and Letter of Undertaking attached to the Complaint asserts the value of the CINDY B at the time of this casualty was one million and seven hundred thousand dollars ($1,700,000) plus five hundred dollars ($500.00) for costs, and one hundred and two thousand dollars ($102,000) in interest at six percent (6%) per annum for one year and The Ascot Group, Navigators / The Hartford, RB



GROTEFELD HOFFMANN
324 S. Abernethy Street
Portland, OR 97239
(503) 384-2772
kschummer@ghlaw-llp.com

Jones Insurance / Coaction, StarStone National Insurance Company, and Swiss Re Group, as surety, pursuant to a letter of undertaking, consented and agreed to provide security for value and costs within the meaning of Rule F(1) of the Federal Rules of Civil Procedure, Supplemental Rules of Certain Admiralty and Maritime Claims and this Court's Local Rules. Port Claimants reserve the right to challenge the valuation of the CINDY B and the sufficiency of corresponding security, to the extent necessary to preserve that right, deny the truth of the allegations of paragraph 19.

20. Port Claimants deny the truth of the allegations of paragraph 20.

21. Port Claimants deny the truth of the allegations of paragraph 21 and subsections (A)-(F).

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Limitation of Liability Act is not applicable to the instant case because at all times material hereto, the CINDY B was operated in a willful, wanton, and reckless manner or, in the alternative, the conduct and actions which led to the allision took place with the privity and knowledge of her owners, managing owners, owners pro hac vice, agents, employees, representatives and/or operators.

### SECOND DEFENSE

The Limitation of Liability Act is not applicable in the instant case because the CINDY B was known by her owner and/or owner pro hac vice to be unseaworthy for, among other things, failing to properly train the crew, failing to follow safe work and operational procedures, failing to properly maintain the vessel and its appurtenances, failing to conduct an adequate inspection of the vessel and its appurtenances, failing to properly supervise the work with competent



GROTEFELD HOFFMANN
324 S. Abernethy Street
Portland, OR 97239
(503) 384-2772
kschummer@ghlaw-llp.com

employees, failing to provide a competent crew and safe equipment, improper management of the CINDY B and/or her crew, and/or other failures, acts or omissions of the defendants and of the CINDY B which may be shown at trial.

**THIRD DEFENSE**

The Limitation of Liability Act is not applicable in the instant case because the owner and/or owner pro hac vice of the CINDY B did not use due diligence to make the vessel seaworthy at the outset of the voyage on which the subject casualty occurred.

**FOURTH DEFENSE**

The Letter of Undertaking posted as security in the Complaint in Limitation is improper and inadequate security for this proceeding and the Complaint in Limitation should be dismissed for failure to post security and/or adequate security.

**FIFTH DEFENSE**

The Port Claimants reserve the right to contest the appraised value of the CINDY B, her engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security posted.

**SIXTH DEFENSE**

Port Claimants reserve the right to supplement this answer with additional affirmative defenses and other defenses as they are revealed through discovery.

**SEVENTH DEFENSE**

Port Claimants incorporate by reference their fellow claimants' affirmative defenses, as applicable.

**EIGHTH DEFENSE**

Port Claimants, on information and belief, assert that the tug and barge were engaged in a common transportation enterprise and should be considered one vessel for limitation purposes.



GROTEFELD HOFFMANN
324 S. Abernethy Street
Portland, OR 97239
(503) 384-2772
kschummer@ghlaw-llp.com

**PORT CLAIMANTS' CLAIM FOR DAMAGES**

While specifically reserving all rights, claims, and defenses asserted herein, including, without limitation, Port Claimants' rights to pursue any of their claims against WCP arising out of the incident in question, in another proceeding or forum, the Port Claimants state as follows:

**CLAIM**

AND NOW, for its Claim against Petitioners WCP, Inc., dba Wilsonville Concrete Products as the owner of the Towing Vessel CINDY B, bearing Documentation Number 561814, and her engines, tackles, appurtenances, etc., and against The CINDY B, in rem, the Port Claimants aver as follows:

**THE PARTIES**

1. At all times pertinent to this cause of action, The Port of Columbia County (the "Port"), was and now is a special district in Columbia County, Oregon, created under the Oregon Revised Statute (ORS) 777. At all times pertinent to this cause of action, the Port owned the Port Westward Industrial Park on Kallunki Road, Clatskanie, OR 97016 (more commonly known as "Beaver Dock").

2. At all times pertinent to this cause of action, Special District Insurance Services Trust ("SDIS"), was and now is the property insurer for the Port of Columbia County and its property at the Port Westward facility, more commonly known as "Beaver Dock." At all times described herein Plaintiff, SDIS, provided a policy of insurance to the Port.

3. At all times pertinent to this cause of action, Plaintiff, Certain Underwriters in London Subscribing to UMR No. B128413921W23 and Policy No. B55655HAA, were and are foreign organizations and underwriters of reinsurance policies with their principal place of



GROTEFELD HOFFMANN
324 S. Abernethy Street
Portland, OR 97239
(503) 384-2772
kschummer@ghlaw-llp.com

business located in London, United Kingdom. At all times described herein Plaintiff, Certain Underwriters in London Subscribing to UMR No. B128413921W23 and Policy No. B55655HAA, provided policies of reinsurance to SDIS and The Port.

4. Plaintiff, Tokio Marine America Insurance Company, was and now is a foreign organization and underwriter of reinsurance policies with its principal place of business located in New York. At all times described herein Plaintiff, Tokio Marine America Insurance Company, provided a policy of reinsurance to SDIS and The Port.

5. Plaintiff, Starr Surplus Lines Insurance Company, was and now is a New York organization with its principal place of business located in New York and authorized to write reinsurance policies. At all times described herein Plaintiff, Starr Surplus Lines Insurance Company, provided a policy of reinsurance to SDIS and The Port.

6. Plaintiff, Munich Reinsurance America, Inc., was and now is a New Jersey organization and authorized to write reinsurance policies. At all times described herein Plaintiff, Munich Reinsurance America, Inc., provided a policy of reinsurance to SDIS and The Port.

7. Upon information and belief, *in personam* defendant WCP, Inc., dba Wilsonville Concrete Products is an Oregon corporation with its principal place of business in Clackamas County, Oregon, and at all times relevant herein the registered owner and ship manager, of the *in rem* defendant, the Towing Vessel CINDY B, bearing Documentation Number 561814, and her engines, tackles, appurtenances, etc.

/ / /

/ / /

/ / /



GROTEFELD HOFFMANN
324 S. Abernethy Street
Portland, OR 97239
(503) 384-2772
kschummer@ghlaw-llp.com

**JURISDICTION AND VENUE**

8. This action is brought pursuant to Rule 9(h) of the Federal Rules of Civil Procedure. This action is within the Court's admiralty and maritime jurisdiction pursuant to U.S. Constitution Article 3, Section 2, and 28 U.S.C. 1333 and is brought pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

9. Venue is proper in this Honorable Court because the acts giving rise to this civil action occurred on the Columbia River around Clatskanie, Oregon.

**FIRST CAUSE OF ACTION - NEGLIGENCE**

10. The Vessel was transiting the Columbia River on November 12, 2023, the Vessel was pushing the Barge St. John ("WCP Vessels") on the navigable waters of the United States in or around Clatskanie, Oregon, when an allision occurred as a result of an impact between the WCP Vessels and the Port's Port Westward pier and dock, more commonly known as the "Beaver Dock." The allision caused significant damages to the dock and associated equipment, and also resulted in significant business interruption losses. The total estimated damages are $4,250,000.00.

11. As a result of the physical damages, the damaged structure and interconnected equipment has and/or will be taken out of service for repairs, and the Port sustained loss of use of part of same and related expenses, loss of income, and contractual or other damages claims arising out of the loss of use of the damaged structure and interconnected equipment. The Port's loss of use and related claims/losses, including increased expenses.

12. The aforesaid incident was caused solely as a result of the negligence of WCP and the WCP Vessels, and its/their management, managing agents, supervisors, employees, crew members, officers, agents, and/or servants for they were responsible in the following non-exclusive



GROTEFELD HOFFMANN
324 S. Abernethy Street
Portland, OR 97239
(503) 384-2772
kschummer@ghlaw-llp.com

respects, all of which were within the privity and knowledge of the owners and management of WCP, including lack of due care, lack of skill, lack of training, lack of attention, failure to properly maintain and/or operate, control, and/or navigate The CINDY B, failure to properly equip and/or man the CINDY B, improper management of the CINDY B and/or her crew, and/or other failures, acts or omissions of the defendants and of the CINDY B which may be shown at trial, and was not caused in any way by the Port.

13. The CINDY B further breached its duty of care by violating one or more Inland Navigation Rules, including,

(a) Failure to maintain a proper lookout (Rule 5);

(b) Failure to maintain a safe speed (Rule 9);

(c) Failure to use all available means to determine the risk of collision (Rule 7);

(d) Failure to take appropriate action to avoid a collision (Rule 8);

(e) Failure to take appropriate action as a power vessel under power (Rule 18);

(f) Failure to supervise and monitor the actions of the crewmembers and/or pilots navigating the CINDY B;

(g) Failure to exercise prudent seamanship under the prevailing circumstances and conditions;

(h) Failure to exercise reasonable care under the circumstances; and

(i) Such other instances of unseaworthiness and/or negligence as may be shown at trial.

14. Pursuant to the rule of The Oregon, the CINDY B is presumed to be at fault for the incident. In the alternative, pursuant to the rule of The Louisiana, the CINDY B is presumed to be at fault for the incident.



GROTEFELD HOFFMANN
324 S. Abernethy Street
Portland, OR 97239
(503) 384-2772
kschummer@ghlaw-llp.com

**SUPPLEMENTAL RULE C RELIEF**

15. The Port Claimants repeat and re-allege paragraphs 1 through 13 set out hereinabove as though the same were more thoroughly set forth at length herein.

16. The aforesaid incident constitutes a maritime tort for which The Port Claimants are entitled to a maritime lien on the CINDY B, which is enforceable by a suit in rem. Accordingly, the Port Claimants seek to enforce its maritime lien in accordance with Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, if necessary to obtain satisfaction of its claims.

WHEREFORE, the Port Claimants pray that:

(a) Their Answer and Claim be deemed good and sufficient;

(b) The Complaint of WCP, Inc., dba Wilsonville Concrete Products as the owner of the Towing Vessel CINDY B, bearing Documentation Number 561814, and her engines, tackles, appurtenances, etc. for limitation be dismissed, at petitioners' cost;

(c) After due proceedings, the Port Claimants have judgment against the CINDY B, her engines, boilers, tackle, furniture, apparel, appurtenances, etc., in rem, and G WCP, Inc., dba Wilsonville Concrete Products, in personam, in the full amount of the Port Claimants damages and further interest thereon at the legal rate, and for any other and further amount that later calculation may demonstrate as being appropriate;

/ / /

/ / /

/ / /

/ / /



GROTEFELD HOFFMANN
324 S. Abernethy Street
Portland, OR 97239
(503) 384-2772
kschummer@ghlaw-llp.com

(d) This Honorable Court enter a decree in favor of the Port Claimants and against defendants for the total amount of the Port Claimants' damages and that if the judgment is not satisfied, the CINDY B then be condemned and sold for the aforesaid amount together with reasonable costs and attorneys' fees, including the costs and attorneys' fees incurred herein; and

(e) The Port Claimants have such other and further relief as the law and justice may require.

Dated: May 31, 2024 Respectfully Submitted:

*/s/ Robert Salisbury*
Robert Salisbury (OR Bar No. 941385)
*Attorney for Claimant, The Port of Colombia County*

*/s/ Kevin A. Schummer*
Kevin A. Schummer (OSB No. 140276)
**GROTEFELD HOFFMANN LLP**
324 S. Abernethy Street
Portland, OR 97239
D: 503.386.6501
F: 503.210.5346
kschummer@ghlaw-llp.com
*Attorney for Claimant, Special District Insurance Services*

*/s/ Kenji Kozuma*
Kenji Kozuma (OSB No. 954806)
**KB Law LLC**
1717 NE 42nd Avenue, Suite 3210
Portland, Oregon 97213
O: 503.206.8122
F: 503.477.9132
kenji@kblawpdx.com
*Attorney/Co-Counsel to Claimants Certain Underwriters in London Subscribing to UMR No. B128413921W23 and Policy No.*

*B55655HAA, Starr Surplus Lines Insurance Company, Munich Reinsurance America, Inc., and Tokio Marine America Insurance Company*

*Alyssa J. Endelman
*Brandon T. Brown
*Pro Hac Vice Applications to be submitted*
**DENENBERG TUFFLEY, PLLC**
28411 Northwestern Hwy., Suite 600
Southfield, MI 48034
Phone: 248-549-3900
Fax: 248-593-5808
aendelman@dt-law.com
bbrown@dt-law.com
*Attorneys for Claimants Certain Underwriters in London Subscribing to UMR No. B128413921W23 and Policy No. B55655HAA, Starr Surplus Lines Insurance Company, Munich Reinsurance America, Inc., and Tokio Marine America Insurance Company*

GROTEFELD HOFFMANN
324 S. Abernethy Street
Portland, OR 97239
(503) 384-2772
wpickett@ghlaw-llp.com
kschummer@ghlaw-llp.com